UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE: ASARCO LLC § <br> § <br> APPELLANT   Jonathan Lee Riches § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. C-10-268 |

## ORDER

On this day came on to be considered sua sponte Appellant Jonathan Lee Riches' Appeal in the above-styled action.  (D.E. 1.)  For the reasons stated herein, the Court DISMISSES this Appeal pursuant to Federal Rule of Bankruptcy Procedure 8001(a).

The Federal Rules of Bankruptcy Procedure provide that a party seeking to appeal from a final judgment of a bankruptcy judge to a district court must file a notice of appeal with the clerk of the bankruptcy court within fourteen days of entry of the contested order.  Fed. R. Bankr. P. 8001(a); 8002(a).  Once this notice is filed, the Bankruptcy Rules require an appellant to file several additional items with the district court.  Pursuant to Bankruptcy Rule 8006, "within 14 days after the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  Fed. R. Bankr. P. 8006.  Additionally, Bankruptcy Rule 8009(a)(1) provides that "the appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007."

Under Rule 8001(a), "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for

such action as the district court . . . deems appropriate, **which may include dismissal of the appeal**." Fed. R. Bankr. P. 8001(a) (emphasis added); see In re McDonald, 327 Fed. Appx. 491, 492 (5th Cir. 2009) ("Rule 8001(a) gives a district court the authority to dismiss a bankruptcy appeal for failure to comply with procedural rules. We have previously recognized a district court's authority to dismiss a bankruptcy appeal for failure to comply with Rule 8009(a)(1)."). "The determination of the appropriate sanction for a party's violation of the Bankruptcy Rules related to appeal of the bankruptcy court's final orders is a matter within the district court's discretion." In re McKenzie, 149 F.3d 1179, 1998 WL 414308, at *1 (5th Cir. 1998). Courts have, for example, dismissed bankruptcy appeals where appellate briefs were not filed within the time period established by the Bankruptcy Rules. See, e.g., In re McDonald, 327 Fed. Appx. 491, 492 (5th Cir. 2009) (affirming district court where "nine months passed before the district court, having received neither a brief nor a request for an extension of time to file one, dismissed the appeal."); In re Jolly Properties, Inc., 2009 WL 2940082, at *1 (S.D. Tex. Sep. 10, 2009) (dismissing bankruptcy appeal for want of prosecution where no brief was filed within two months after filing of notice of appeal).

In this case, the Clerk's Notice of Filing of an Appeal was filed on August 10, 2010 (D.E. 1) and the Notice of Docketing an Appeal under Bankruptcy Rule 8007(b) was filed on September 17, 2010. (D.E. 3.) Appellant has not filed a brief in the nearly four months since the August 10, 2010 notice was entered, nor has he filed record designations as required by Rule 8006. Appellant has also failed to pay the appropriate filing fees for this appeal. Fed. R. Bankr. P. 8001(a) ("The notice of appeal shall . . . be accompanied by the prescribed fee."); D.E. 2 (stating that Appellant has failed to pay

bankruptcy appeal filing fees and that "[f]ailure to pay filing fees may result in dismissal of the notice of appeal."). The Court also notes that Appellant is a federal prisoner housed at the Federal Medical Center in Lexington, Kentucky, who has no apparent interest in this litigation, and has been permanently enjoined by the Bankruptcy Court from filing any additional pleadings in this case. (Case No. 05-bk-21207, D.E. 15700.)

Appellant has failed to comply with the relevant Federal Rules of Bankruptcy Procedure, and the Court therefore DISMISSES Appellant's Appeal pursuant to Federal Bankruptcy Rule 8001(a). (D.E. 1.)

SIGNED and ORDERED this 2nd day of December, 2010.

_____
Janis Graham Jack
United States District Judge